Robert M. SWEENEY, Plaintiff–
Appellant,

v.

AMERICAN HOME MORTGAGE SER-
VICING, INC.; Power Default Ser-
vices, Inc., a Delaware corporation;
US Bank National Association, As
Trustee for MASTR Adjustable Rate
Mortgages Trust 2007–1, Mortgage
Pass–Through Certificates, Series
2007–1 (esa U.S. Bank, National Asso-
ciation and MASTR Adjustable Rate
Mortgages Trust 2007–1, Mortgage
Pass–Through Certificates, Series–1);
Mortgage Electronics Registration
Services, Inc., a Delaware corporation,
Defendants–Appellees.

No. 12–55220.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2014.

Filed Jan. 17, 2014.

Richard Irwin Wideman, Esquire, Rich-
ard I. Wideman, Attorney At Law, Santa
Ynez, CA, John F. Shellabarger, Law Of-
fices Of John F. Shellabarger, Santa Bar-
bara, CA, for Plaintiff-Appellant.

Conrad V. Sison, Daniel Anthony Soli-
tro, Locke Lord LLP, Los Angeles, CA,
for Defendants–Appellees.

Before: KOZINSKI, Chief Judge,
REINHARDT and CLIFTON, Circuit
Judges.

**MEMORANDUM** *

Although Plaintiff alleges that the Sub-
stitution of Trustee form designating Pow-
er Default Services as trustee was a for-
gery, the Second Amended Complaint
(SAC) fails to plead critical elements of
such a claim. "While legal conclusions can
provide the framework of a complaint, they
must be supported by factual allegations."
*Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129
S.Ct. 1937, 173 L.Ed.2d 868 (2009). With-
out any claim that the signatory lacked
authority to sign the Substitution of Trus-
tee form or that Defendants acted with an
intent to defraud, the SAC fails to go
beyond "labels and conclusions" and pro-
vide "[f]actual allegations ... to raise a
right to relief above the speculative level."
*Bell Atlantic Corp. v. Twombly,* 550 U.S.
544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929
(2007).

The SAC is Plaintiff's fourth filing to
raise claims challenging the validity of the
foreclosure. Because Plaintiff still falls
short of stating a valid claim for relief, the
district court did not abuse its discretion in
concluding that the complaint cannot be
saved by amendment and dismissing with
prejudice. *See Hearns v. San Bernardino
Police Dep't,* 530 F.3d 1124, 1129 (9th Cir.
2008).

**AFFIRMED.**

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.